TURNER *v.* STATE OF INDIANA.

[No. 569S119. Filed May 1, 1970. No petition for rehearing filed.]

*Chester R. Callis, Cooper, Cooper, Cooper & Cox, Curtis M. Jacobs,* all of Madison, for appellant.

*Theodore L. Sendak,* Attorney General, *Edward Squier Neal,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with murder in the second degree. The jury returned its verdict, finding appellant guilty as charged.

The trial court overruled appellant's motion for a new trial. The facts constituting one of the allegations of error in the motion for a new trial and also raised on this appeal can be summarized as follows: On October 14, 1968 the jury was escorted to the jury room by the bailiff. Approximately one-half hour after they had entered the jury room for deliberation, the foreman of the jury opened the door and indicated he wished to speak to the bailiff. The foreman asked the bailiff what the appellant would get if they (the jury) convicted him of second degree murder, to which the bailiff answered "life." The foreman then inquired as to how much time the defendant would actually have to serve of such a sentence, to which the bailiff responded that he did not know but that it would depend on his good behavior. The jury returned its verdict 45 minutes later. We reverse and grant appellant a new trial.

We believe the principles discussed by this court in *Deming v. State* (1956), 235 Ind. 282, 133 N. E. 2d 51 are controlling. In that case one of the jurors asked the bailiff to inquire of the judge as to the possibility of the defendant being paroled if found guilty of second degree murder. After contacting the judge, the bailiff reported to the jurors that it would be entirely up to the institution. In holding this conduct to be reversible error we stated:

"In the present case the information communicated by the judge to the jury was related to the substantive rights of the accused. It was not made in open court in the presence of the accused. It raised a doubt as to the fairness and impartiality in the deliberations of the jury, therefore 'prejudice may be conclusively presumed.' *Coolman* v. *State*, 163 Ind. 503, *supra*. Also, it constituted reversible error for the reason that the communication was not made in open court, in the presence of the accused."

For decisions in other jurisdictions see 41 ALR 2d 227, and the cases cited in *State* v. *White* (1958), 27 N. J. 158, 172, 142 A. 2d 65, 72.

In the instant case it was erroneous to tell the jury that the sentence would not be suffered to the full extent. The reason for the jury seeking such information and its prejudicial effect is plain. As we noted in *Deming*, *supra*, such conduct is sufficient to raise a doubt as to the fairness of the jury's deliberation. While the truth or falsity of the information related by the bailiff to the foreman of the jury in this instance is not controlling, the appellant points out that "good time" is not considered with respect to parole where a life sentence is imposed, citing the Handbook of Information and Regulations Governing Men Committed to the Indiana State Prison.

The matter of a defendant's parole or how long he would serve under good behavior is not for the jury's consideration. We have held that it was improper for the State to mention in argument that if a defendant were only convicted of manslaughter he might be out of the prison in two years. The legislature has fixed the punishment for the crime. The duty of the jury is only to consider the guilt or innocence of the accused. *Rowe* v. *State* (1968), 250 Ind. 547, 237 N. E. 2d 576.

The judgment is reversed with directions to grant a new trial.

Hunter, C.J., Jackson, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 257 N. E. 2d 825.