CHARLES EUGENE SPARKS *v.* STATE OF INDIANA.

[No. 1-972A68. Filed December 27, 1972.]

*Phillip W. Brown,* of Shelbyville, for appellant.

*Jerry J. Lux,* of Shelbyville, *Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant, Sparks, was convicted by a jury of first degree burglary, automobile banditry, and theft. The sole issue raised on appeal is whether or not the defendant was denied a fair trial by

reason of a conversation between the court bailiff and members of the jury during the jurors deliberations.

The facts, which are not disputed, can be summarized as follows: a few hours after the jury had begun deliberations, the bailiff was called by a juror to the door of the jury room. The juror stated to the bailiff that they wanted to be instructed as to the definition of "disfranchisement" and what they, as jurors, were required to do with respect to disfranchisement. The bailiff explained to all the members of the jury that only the judge could re-read the instructions to the jury. The juror, however, persisted in requesting an explanation of disfranchisement, and the jury's duties in regard thereto. The bailiff relented and advised the jury, based on his understanting of the term, that disfranchisement meant that the defendant could not vote or hold public office. The juror then asked the bailiff whose duty it was to determine the period of disfranchisement, and the bailiff replied it was the jury's duty to determine the matter. The final question asked of the baliff regarded when the period of disfranchisement would begin. The bailiff replied that it would begin right away.

The conversation between the bailiff and the jury was set out in defendant's affidavit in support of the motion to correct errors which was sworn to by defendant's attorney who overheard the substance of the conversation.

We are of the opinion that the conversation between the bailiff and the jury constitutes reversible error. The statutory prohibition of such conduct reads:

". . . the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer, who must be sworn by the clerk to keep them together in some private and convenient place, and furnish them food as directed by the court, and not permit any person to speak or communicate with them, nor do so himself unless by order of the court, or to ask them whether they have agreed upon their verdict, and return them into court, when so agreed, or when ordered by the court. . . ." IC 35-1-37-4, Ind. Ann. Stat. § 9-1810 (Burns 1956).

The scope of the complained of conversation obviously goes beyond the prescribed bounds of the above quoted statute.

Additionally, it has been held to be reversible error to explain the probability of parole, *Deming* v. *State* (1956), 235 Ind. 282, 133 N.E.2d 51, to expalin the effect of good behavior in prison upon the length of a life sentence, *Turner* v. *State* (1970), 254 Ind. 91, 257 N.E.2d 825, and to discuss the various forms of verdict with the jury, *Laine* v. *State* (1972), 154 Ind. App. 81, 289 N.E.2d 141. These cases further note that the correctness of the information given to the jury, or the good and honest intentions of the person giving the information do not constitute a mitigating excuse for such conversations.

The state contends that there must be some showing of prejudice or harm as a result of these conversations to justify setting aside of the jury's verdict. See *Barker* v. *State* (1958), 238 Ind. 271, 150 N.E.2d 680. In the case of *Conrad* v. *Tomlinson* (1972), 258 Ind. 115, 279 N.E.2d 546, our Supreme Court said:

> "* * * When an irregularity such as this occurs harm will be presumed, and if the irregularity is not explained, a reversal of the judgment should follow. However, if an explanation for the alleged misconduct is offered, and if the Court is satisfied that no harm or prejudice resulted, then the judgment of the trial court will not be disturbed." 279 N.E.2d, at 551.

Utilizing the rationale of the *Laine* case, *supra,* we are of the opinion that the presumed harm has not been sufficiently explained away. The conversation here involved the substantive rights of the accused and that it occurred at a "highly sensitive point in time" while the jury deliberated.

We are further aware that the *Deming* and the *Turner* cases, *supra,* allow a conclusive presumption of harm in such instances.

A final point raised by the state is that the defendant did not make a timely objection to the discussion between the bailiff

and the jury. The facts, as agreed to in the oral argument, demonstrate that the attorney for the defendant made his objection at the time and place directed by the trial judge. We cannot, therefore, say as a matter of law that the objection was untimely.

This case is reversed and remanded with instructions for a new trial.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 290 N.E.2d 793.