GLEN H. JACKSON *v.* STATE OF INDIANA

[No. 3-277A41. Filed March 6, 1978.]

*Robert W. Gilmore*, Jr., of Michigan City, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *J. Roland Duvall*, Deputy Attorney General, for appellee.

GARRARD, J.— A jury convicted appellant Jackson of second degree burglary. His belated appeal asserts that during its deliberations, the jury twice sent written notes to the court requesting information or instruction and on each occasion the court responded by written communication not in open court and not with the accused present. In response the state urges that the burden is on Jackson to demonstrate harmful error and without evidence of the contents of the communications no prejudice has been shown. We believe the state has misconstrued the impact of *Deming v. State* (1956), 235 Ind. 282, 133 N.E.2d 51, and that pursuant to *Deming* a new trial must be granted.

In support of his motion Jackson filed three affidavits. His own averred no knowledge of the incident until he counseled with his appellate attorney. The affidavit of George Morton disclosed that Morton served as bailiff at the trial. It set forth that after the jury retired they twice requested him to deliver slips of paper to the court which he did, and that to the best of his knowledge these contained requests for further instructions. It averred that he was instructed by the court to deliver two pieces of paper containing writing to the jury, which he did. To the best of his knowledge these papers were responses to the jury's requests. It concluded that these events did not take place in the courtroom and to the best of his knowledge Jackson was not present when they occurred. The final affidavit was from Jackson's trial counsel. It was substantially the same as that of the bailiff.

Although under such circumstances Indiana Rules of Procedure, Trial Rule 59(D) permits the state to file counter affidavits, none were filed.[1]

In *Deming* the Supreme Court considered both the statutory grounds and the reasons prohibiting such communications, and we need not reiterate them.

Nothing before us discloses the contents of these communications. They may have concerned the menu or the location of a rest room.

---

1. We find it curious that trial counsel's affidavit appears to reflect personal knowledge of the occurrences but is silent as to either contents of the communications or any consent or objection on his part thereto.

But we do not know, and for that very reason their occurrence "[raises] a doubt as to the fairness and impartiality in the deliberations of the jury. . . ."

Under such conditions without an explanation of the alleged misconduct, prejudice will be presumed. *Conrad v. Tomlinson* (1972), 258 Ind. 115, 279 N.E.2d 546; *Sparks v. State* (1972), 154 Ind. App. 691, 290 N.E.2d 793.

We therefore reverse and remand for a new trial.

Hoffman, J. and Robertson, C.J. (sitting by designation) concur.

NOTE—Reported at 372 N.E.2d 1242.