Curtis **GANN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 382S84.

Supreme Court of Indiana.

July 14, 1983.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of two counts of Murder in the First Degree, Ind.Code § 35–13–4–1 (Burns 1975), and was sentenced to concurrent terms of life imprisonment. On direct appeal this Court affirmed. *Gann v. State,* (1975) 263 Ind. 297, 330 N.E.2d 88. This appeal from the denial of post conviction relief presents two issues:

(1) Whether the trial court erred in denying relief upon the grounds that the indictments had not been signed by the grand jury foreman.

(2) Whether the trial court erred in not finding that evidence, asserted to be newly discovered, disclosed that Petitioner had not killed either victim, or if he did, that he had committed only Manslaughter.

\* \* \*

## ISSUE I

Defendant points to the following stipulation of the parties at the September 10, 1979 hearing on the petition:

"1. The indictment returned in this cause was not signed by the foreman of the Grand Jury (Rec. at 26). There was no objection, motion to quash, or motion to dismiss attacking the indictment as being defective for the lack of the foreman's endorsement."

Subsequently, on October 6, 1982, the State sought a writ of certiorari to make certified copies of the indictments part of the record. We granted the writ on October 12, 1982, and the copies so produced reveal that the indictments did, in fact, bear the signature of the grand jury foreman; consequently, the record reveals no basis for relief upon this issue.

## ISSUE II

Defendant contends that the remainder of the aforementioned stipulation, the contents of which are derived from the transcript of the original trial, coupled with his testimony at the post conviction hearing, presented as newly discovered evidence, proved that he did not commit Murder.

"To sustain a claim for a new trial based on newly discovered evidence, a petitioner must show (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that it could not, by due diligence have been discovered in time for trial; (7) that it is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result."

*Bradburn v. State,* (1981) Ind., 425 N.E.2d 144, 146.

The trial court found:

"1. The Petitioner failed to meet his burden of proof on the allegation of newly discovered evidence in that it was not discovered since trial, due diligence was not used to discover it prior to trial, it was cumulative in part, and it will probably not produce a different result at trial."

Obviously, under our standard of review, Defendant's self serving testimony, without more, does not mandate relief upon the basis of newly discovered evidence. *Fleener v. State,* (1980) Ind., 412 N.E.2d 778, 782; *Riddle v. State,* (1980) Ind., 402 N.E.2d 958, 961; *Curry v. State,* (1972) 154 Ind.App. 685, 290 N.E.2d 729. The record further discloses, from Petitioner's own testimony, that his counsel had advised that he not take the witness stand because he had a prior burglary conviction.

"Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360.

Petitioner has not overcome this burden.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.