MEIER ET AL. v. CLAYMEIER ET AL.

[No. 22,732. Filed May 25, 1915.]

APPEAL.—Review.—Misconduct of Judge.—Alleged misconduct on the part of the trial judge is not shown, where it appears that on the day set for hearing remonstrances in a drainage proceeding, and before the business of the court had commenced, the judge, on information that two of the parties to the proceeding desired to speak to him, and because of confusion and loud talk in the court room, retired with them to his chambers, where they announced their desire to withdraw from an agreement concerning the proceeding, and that the judge immediately told them that such matter must be presented by them in open court, which they immediately thereafter did by making in open court in the presence of all the parties the same statement that they had made to the judge in chambers.

From Gibson Circuit Court; Simon L. Vandeveer, Judge.

Proceeding on the petition of Charles Claymeier and others to establish a drain. From a judgment establishing the drain, William Meier and another appeal. Affirmed.

Henry R. Niekamp and Dorris R. Head, for appellants.
Henry Kister and O. M. Welborn, for appellees.

SPENCER, C. J.—This is an appeal from a judgment of the Gibson Circuit Court establishing a certain public ditch or drain petitioned for by appellees. The sole question presented for our consideration relates to alleged irregularity

and misconduct of the trial judge during the pendency and hearing of remonstrances filed by appellants. It is charged that said judge permitted certain persons, Charles W. Wirth and August D. Graper, who were interested in the proceeding, to discuss the same with him at a time and at a place other than in open court. The bill of exceptions presenting this matter contains an appended statement by the trial judge in which he states that he did not allow the said Wirth and Graper, or either of them, to meet with him privately and discuss the merits of said remonstrances or the merits of any of the issues involved in said cause or to suggest matters affecting the decision on its merits of any of the issues involved in said cause. On the contrary, that on the day named when it is charged that said irregularity and misconduct occurred and before the business of the court had been begun, the said Wirth and Graper appeared in the courtroom seated to the left of the judge's desk and near the door leading into the judge's chamber, when a member of the bar, disinterested in these proceedings so far as the judge knew, informed the judge that said Wirth and Graper desired to see him; that there being at the time no business before the court and the judge not being otherwise engaged, he, merely as a matter of courtesy, left the bench, approached near to said parties and addressed them in the usual manner of salutation; that some few words were exchanged which had no connection whatever with the trial of this cause when, as the parties were all standing near the door leading into the judge's chamber and as other parties were standing nearby and talking, the judge and said Wirth and Graper, to avoid the confusion arising from the talk of others, entered said chamber; that a few words having no connection with this proceeding, were there exchanged at the conclusion of which said Wirth stated in substance that he wished to withdraw from an agreement previously proposed relative to the location of the ditch in question as he was not satisfied with said agreement; that said Graper also stated that he was opposed

to said agreement as he thought it would make the ditch cost more; that the judge thereupon immediately informed Wirth and Graper that said matters could only be presented and considered in open court and that as the other interested parties were at that time in the courtroom, they and the said judge should immediately go out into the courtroom where they could make any statement about the matter they desired in open court and in the presence of all the other parties; that thereupon they all went out of the judge's room into the courtroom and in the presence of all the parties in open court the judge stated in substance that Mr. Wirth and Mr. Graper had made some statements to him concerning the proposed change in the location of said ditch and that they should or might now state in open court what had been said; that they proceeded to do so and did in fact then and there state all that was said in the judge's room and more; that at the conclusion of their statements the court announced that as the status or condition of the parties had not been altered by said agreement, the said Wirth would be permitted to withdraw therefrom and the court would hear any further evidence offered and determine the question of the change of location of said ditch as though no agreement had been made; that although he made no note of the exact time he and the said Wirth and Graper were in the judge's chamber he believes that not more than four or five minutes elapsed during such absence.

The statements made in open court by Wirth and Graper on their return from the judge's chamber are set out in the bill of exceptions and serve to sustain the statement as above made by the trial court. There is nothing contained in the affidavit filed by appellants in support of their motion for a new trial which does not harmonize readily with said statement and there is no showing, except a mere assertion to that effect, that the acts complained of could or did in any way harm appellants or prevent a fair trial of the issues. The manner in which the judge immediately resumed his place

on the bench in the presence of all the parties and requested Wirth and Graper then to make such statements as they desired, thus giving all parties an opportunity to examine them and show all that had occurred, was a proper and correct solution of the situation, and, in the absence of any sort of a showing that the acts of alleged misconduct were harmful, the judge should be commended rather than censured.

The conclusion above reached renders it unnecessary for us to consider appellees' motion to dismiss the appeal. Judgment affirmed.

NOTE.—Reported in 108 N. E. 945. As to what is deemed to be invasion by court of the province of the jury, see 14 Am. St. 36. See, also, 3 Cyc. 386.