# DRAKE *v.* DRAKE, ADMINISTRATRIX.

### [No. 9,423. Filed December 6, 1917.]

1. NEW TRIAL.—*Grounds.—Form of Assignment.*—That "the decision of the court is contrary to the evidence" is not recognized by the statute as a ground for a new trial. p. 88.

2. APPEAL.—*Presenting Questions for Review.—Disqualification of Trial Judge.—Necessity of Bill of Exceptions.*—The alleged disqualification of the trial judge to serve cannot be reviewed on appeal, where the facts on which it was based are not made part of the record by a bill of exceptions; and the motion for a new trial on that ground, though verified, cannot be made to take the place, or serve the purpose of a bill of exceptions. p. 88.

3. EXECUTORS AND ADMINISTRATORS.—*Compensation.*—*Agreements.* —*Force and Effect.*—Although an agreement by an administratrix not to charge for her services is not binding on the court, she may bind herself by such an agreement. p. 90.

4. EXECUTORS AND ADMINISTRATORS.—*Compensation.*—*Agreements.* —*Consideration.*—*Waiver of Objections to Appointment.*—Where there were two other heirs of decedent of the same class as an applicant for letters of administration, as regards priority of the right to administer the estate as specified by statute, the foregoing of their right to contest the applicant's appointment was an adequate consideration for her agreement to serve without compensation. p. 91.

5. EXECUTORS AND ADMINISTRATORS.—*Compensation.*—*Agreements.* —*Consideration.*—Where one is about to apply, for letters of administration, a contract not to charge for services must be based on a valid consideration to be binding on the applicant. p. 92.

6. EXECUTORS AND ADMINISTRATORS.—*Compensation. — Appointment.*—*Consideration.*—*Waiver of Objections to Appointment.*— The waiver by heirs of a decedent of the right to make objections to the appointment of one applying for letters of administration was a valid consideration for her agreement to serve without compensation although the objections were such as would not necessarily have defeated her appointment. p. 92.

7. EXECUTORS AND ADMINISTRATORS.—*Compensation.*—*Agreements.* —*Adequacy of Consideration.*—Where there was some legal consideration for an agreement by an administratrix to serve without compensation, which was accepted by her at the time as satisfactory, it will be adjudged a sufficient consideration and the contract is binding, regardless of the value of the services, and though the labor may have been more arduous, and the work more vexatious than anticipated. p. 93.

8. APPEAL.—*Review.*—*Evidence.*—*Weight and Sufficiency.*—Where there is some evidence to support the finding of the trial court, the court on appeal will not weigh the evidence and determine its preponderance, and the finding below will be accepted as conclusive. p. 94.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Proceedings on the final report of Mary E. Drake, administratrix of the estate of Henry Johnson, deceased. From a judgment denying her application for an allowance of compensation, she appeals.

*A. G. McNabb* and *John W. Lindley,* for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellees.

BATMAN, J.—Appellant was duly appointed administratrix of the estate of Henry Johnson, deceased. After administering the personal estate of said decedent, she filed her final report, in which she asked an allowance of $400 for her services and expenses as such administratrix. Appellees, other than such administratrix, who are heirs of said decedent, filed their exceptions to such final report, asking that appellant's claim for services be not allowed. Such exceptions were in two paragraphs, the first of which was based on an alleged agreement on the part of appellant to serve as such administratrix without compensation, and the second of which was based on a like alleged agreement, except she was to be reimbursed for her actual expenses as such administratrix. The issues thus formed were submitted to the court for trial, resulting in a judgment denying appellant compensation for her services as such administratrix, but allowing her $100 for expenses incurred in the settlement of such estate. Appellant filed her motion for a new trial on the following grounds: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law. (3) The decision of the court is contrary to the evidence. (4) The judge of the Sullivan Circuit Court, before whom said cause was tried, was disqualified to hear, try, and determine said cause.

The motion for a new trial set forth the alleged facts on which appellant based her claim, that the trial judge was disqualified to hear and determine

such cause, and was verified by her affidavit. 1. This motion was overruled, and apellant duly reserved an exception. This action of the court constitutes the sole error on which appellant relies for a reversal. The third reason assigned for a new trial is not recognized by the statute. *Bass* v. *Citizens Trust Co.* (1903), 32 Ind. App. 583, 70 N. E. 400; *Johnson* v. *Allispaugh* (1914), 58 Ind. App. 83, 107 N. E. 686; *Fox* v. *Close* (1916), 63 Ind. App. 66, 113 N. E. 1007. The fourth reason assigned for a new trial cannot be considered, as the alleged 2. facts on which it is based are not made a part of the record by bill of exceptions. True, the motion for a new trial was verified by the oath of appellant, but such verified motion cannot take the place, or serve the purpose, of a bill of exceptions. *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033; *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166; *South Chicago City R. Co.* v. *Zerler* (1903), 31 Ind. App. 488, 65 N. E. 599; *Michael* v. *State, ex rel.* (1914), 57 Ind. App. 520, 108 N. E. 173; *Dorsey* v. *State* (1912), 179 Ind. 531, 100 N. E. 369; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790; *Shank* v. *State* (1915), 183 Ind. 298, 108 N. E. 521; *Perry* v. *State, ex rel.* (1916), 63 Ind. App. 653, 115 N. E. 59.

The first and second reasons assigned for a new trial call in question the action of the court in denying appellant compensation for her services as such administratrix. It appears from the record that Henry Johnson departed this life intestate in Sullivan county, Indiana, on November 7, 1913, leaving a personal estate to be administered upon amounting to about $22,000. On the 22nd day of such month, appellant, who was the youngest daughter of said

decedent, was appointed administratrix of his estate, and on said day duly qualified and entered upon a discharge of the duties of said trust. She duly administered upon the estate and filed her final report therein, in which she sought an allowance of $400 from the assets of the estate, in compensation for her services and expenses as such administratrix. On the trial it was admitted that such services, outside of any contract or agreement which may have been made prior to her appointment between her and the heirs of said decedent, were reasonably worth said sum, and that her expenses in administering upon the estate were $100. The evidence with reference to any such contract or agreement tends to establish the following facts: The heirs of said decedent first made an attempt to settle the estate without administration, but could not agree. Appellant then said to certain of the heirs among whom were her two older sisters, Melinda Jane Milligan and Belle Johnson, that she would go to Sullivan the next day and take out letters of administration on the estate. The sisters said to her that their husbands, Wake Milligan and Jeff Johnson, would go to Sullivan the next day also. There were objections on the part of some of the heirs to appellant taking out letters of administration on said estate. Prior to the time she had qualified as such administratrix, the said Wake Milligan and Jeff Johnson, representing their said wives, met appellant in the office of her attorney, where Wake Milligan told her that there was some dissatisfaction among the heirs in her acting as administratrix, and asked her if she would be willing to have one of the heirs, or even a stranger, go in with her to settle up the estate, to which she answered in substance that such an arrangement would make

extra expense and that, if he would help her and she had no trouble, she would charge only her actual expenses.   The said Milligan and Johnson made no response, but soon left the office and informed certain of the other heirs of decedent, who were in Sullivan that day to look after their interests in said estate, that appellant had agreed to act as administratrix thereof for her actual expenses.   After consultation they decided to let her proceed without further objections, because of the promise she had made.    Appellant qualified as such administratrix in the afternoon of said day and, during the forenoon thereof, she told Henry A. Johnson, one of the appellees, in substance, that she would administer on said  estate free of charge, except her expenses, if the heirs would help her as they had done.   That subsequently to the issuing of such letters of administration to her, she told at least three persons that she would charge just what money she was out.   To one she said in substance that some of the heirs objected to her acting as administratrix, but she told them she would only charge what she was actually out, and they seemed to think that would be all right; and to another she said she had agreed to charge nothing, but she had changed her mind.

Appellant contends that the alleged agreement not to charge for her services as such administratrix is not binding on the trial court and for that reason was not evidence; and that it does not tend to establish the fact that appellant was not entitled to pay for her services.   We concede that such an agreement, as alleged in the exceptions filed by appellees, is not binding on the court in which such trust is pending, but we do not understand that appellees are so contending.   The question at issue

is not whether the judgment of the court can be fixed by private contract, but whether appellant could bind herself by such an agreement. We hold that appellant might so bind herself, and hence evidence of such a contract tends to sustain the decision of the court. As was said in the case of *Polk* v. *Johnson* (1904), 35 Ind. App. 478, 483, 65 N. E. 536, 537: "There are many cases where administrators have been appointed upon the agreement with those interested in the estate to serve in such capacity without compensation, and have thereafter endeavored to obtain allowances for services. Such allowances seem invariably to have been refused. *M'Caw* v. *Blewit* (1827), 2 McCord Eq. *90; *In re Davis's Estate* (1884), 65 Cal. 309, 4 Pac. 22; *Farmers Loan and Trust Co.* v. *Central R. Co.* (1881), 8 Fed. 60, 2 McCrary 321; *In re Hopkins* (1884), 32 Hun. 618; *Bate* v. *Bate, supra* ([1876], 11 Bush. 639); *Clark* v. *Constantine* (1868), 3 Bush. 652; *Bassett* v. *Miller* (1855), 8 Md. 548."

Appellant further contends that, inasmuch as the evidence fails to disclose any objections to the qualification of appellant, but on the contrary shows that she had the preference in appointment, by reason of the sickness and disability of others in the same class of persons designated by the statute, the alleged agreement to serve without compensation was without consideration. We cannot concur in this contention. We agree that where a person having the preference under the statute to letters of administration is eligible and qualified, and makes a proper application, letters must be issued to such person. The evidence, however, discloses that appellant was married, and that there were at least two other heirs of said decedent of the same class, as

specified by the statute fixing the priorities in right to administer on decedent's estate, viz., Melinda Jane Milligan and Belle Johnson, two older married sisters of appellant, who were residents of this state. True, there was some evidence that they were not in good health, but they would have had the right to contest appellant's appointment nevertheless, and the foregoing of this right is an adequate consideration for the agreement in question.

It is further contended by appellant that a contract, to be binding on a person about to apply for letters of administration, not to charge for services must be based upon a valid consideration. If the consideration is the waiver by some person of his right to object to the appointment of the person applying, the one waiving such right must be a person interested in the estate, and the objection waived must be such as would defeat the appointment of the person applying. We recognize the first proposition stated in such contention, but it cannot avail appellant in this case. There is evidence which tends strongly to show that Wake Milligan and Jeff Johnson were representing their respective wives, who were heirs of said decedent, in the alleged agreement, and from which the court may have concluded that not only such heirs, but the other heirs to which such agreement was communicated, waived their right to further object to appellant's appointment by reason thereof.

As to appellant's second proposition, we cannot concur. Such objection need not be such as would necessarily defeat the appointment of the person applying, but need only be such as might defeat such appointment. In this case it is apparent that such grounds of objections could have

been presented as might have defeated such appointment. This is sufficient to make their waiver a valid consideration for the agreement in question. On this question we may add that to render the agreement to serve as administratrix of decedent's estate without compensation binding, it was only necessary that there be some legal consideration. Its adequacy is not for the determination of the court. If there was some legal consideration rendered, which was accepted by her at the time as satisfactory, it will be adjudged by the court as sufficient. As was said in the case of *Wolford* v. *Powers, Admx.* (1882), 85 Ind. 294, 44 Am. Rep. 16, quoted with approval in the case of *Polk* v. *Johnson* (1902), 160 Ind. 292, 66 N. E. 752, 98 Am. St. 274: " 'Where a party contracts for the performance of an act which will afford him pleasure, gratify his ambition, please his fancy, or express his appreciation of a service another has done him, his estimate of value should be left undisturbed, unless, indeed, there is evidence of fraud. There is, in such a case, absolutely no rule by which the courts can be guided, if once they depart from the value fixed by the promisor. If they attempt to fix some standard, it must necessarily be an arbitrary one, and ascertained only by mere conjecture. If, in the class of cases under mention, there is any legal consideration for a promise, it must be sufficient for the one made; for, if this be not so, then the result is that the court substitutes its own judgment for that of the promisor, and, in doing this, makes a new contract.' "

This is true, regardless of the value of the services rendered, and although the labor may have been more arduous, and the work more vexatious than anticipated.

Appellant further contends that where a consideration for a contract is based on a promise of assistance from others, and the assistance is not given, there is a failure of consideration, and the contract is not binding; that the only consideration stated in the alleged contract, as set out in the exceptions, was the assistance of Wake Milligan and other persons who were heirs of said decedent; that the evidence shows that such assistance was not given, and that therefore the consideration for the alleged contract not to charge for her services as such administratrix failed. On this question the record discloses that the sole consideration stated in the alleged contract, as set out in the exceptions, was not the assistance of Wake Milligan and certain heirs of said decedent as appellant contends. In fact such consideration is not mentioned in such contract, but the sole consideration alleged therein is the waiver of a right to object to her appointment. However, there was some evidence that such assistance was a part of the consideration for such promise, as well as evidence from which a fair inference might be drawn, that the saving to appellant's distributive share of the estate by a personal administration was a part of the consideration therefor. The evidence with reference to the existence of such contract, the character of the consideration therefor, and the receipt of the same by appellant, was oral and to some extent conflicting, but the trial court evidently found in appellee's favor on all of such facts. As there was some evidence to support such finding, this court will not weigh the evidence and determine its preponderance, but, under the well-established rule, will accept the decision of the trial court in that regard as conclusive on appeal. *Beavers* v. *Bess*

(1914), 58 Ind. App. 287, 108 N. E. 266; *Vandalia R. Co.* v. *House* (1914), 59 Ind. App. 10, 108 N. E. 872; *Nicholson* v. *Smith* (1915), 60 Ind. App. 385, 110 N. E. 1007; *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614. The conclusion we have reached on the questions presented by appellant finds support in the principles laid down and authorities cited in the cases of *Polk* v. *Johnson, supra.* We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 871. Executor and administrators: agreements to relinquish right to compensation for services, force and effect, 48 Am. Rep. 332, 18 Cyc 1161.