UMBSTEAD ET AL. *v.* PREACHERS' AID SOCIETY OF THE NORTHWEST INDIANA CONFERENCE OF THE METHODIST EPISCOPAL CHURCH.

[No. 28,039. Filed December 29, 1944.]

98

*George F. Stevens,* of Plymouth and *Ernest Merrick Hawkins,* of Fowler, for appellants.

*Snyder & Jacobs,* of Fowler, and *Stuart, Devol, Branigin & Ball,* of Lafayette, for appellee.

O'MALLEY, C. J.—The appellants, residuary legatees and devisees of Nora E. Johnson, deceased, instituted this action to set aside deeds conveying real estate, and to cancel notes and after death bonds, all of which were executed by the appellants' decedent prior to her death. The appellants also sought to recover money turned over to an alleged agent of appellee by the decedent.

The complaint was in four paragraphs. The first paragraph sought to quiet title to the real estate conveyed by the deeds referred to above. The second, third and fourth paragraphs of complaint alleged that the plaintiffs were cousins of the decedent and residuary legatees and devisees named in her last will and testament. It is further alleged that letters testamentary had been issued and that the assets in the hands of the executor were sufficient to pay all debts and legacies; that Chalmer C. Harold was the agent of appellee and the pastor of the church attended by the decedent; that decedent reposed trust and confidence in her pastor and that he, by and through his position, unduly influenced the decedent in favor of the appellee; that appellee took advantage of the relationship so existing and thus secured title to the real estate in question,

together with after death bonds or promises to pay large amounts of money, and that appellee was likewise responsible for Four Thousand Dollars ($4,000.00) which had been turned over to its agent, Chalmer C. Harold; that there was no consideration for the transfers of real estate, the promises to pay and the payment of the Four Thousand Dollars ($4,000.00).

The trial was by the court and, by request, the court found the facts specially. The conclusions of law followed the finding, and judgment was for the defendant, appellee herein.

On the morning of the trial, the appellants offered to file an amended complaint making the executor a party. The court refused the permission requested. While it may be that the court considered the offer as coming too late, that question is neither raised nor briefed. The appellants, as residuary devisees named in decendent's will, were the proper parties to maintain the action to set aside deeds secured by fraud or undue influence, since the personal property was sufficient to pay debts and legacies. *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015.

In the instant case the complaint alleged that the personal property was sufficient to pay all debts and legacies; there was no claim that the real estate was devised to the executor so as to give him control thereof; and no statute is pointed out that confers on the executor any interest in or control over the lands of the decedent.

The personal property of the decedent descended to the personal representative and as to such property any right of action was exclusively in the executor during the pendency of the estate. *Baker* v. *State Bank of Akron* (1943), 112 Ind. App.

612, 44 N. E. (2d) 257. The court did not err in denying appellants' motion to file an amended complaint making the executor a party.

Although complaint is made of the action of the court in refusing to permit the executor to become a party on his own motion, that action is not questioned by the executor, and the appellants cannot complain of an adverse action affecting another party. *Johnson, Adm.* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Wiley, Trustee* v. *Coovert* (1891), 127 Ind. 559, 27 N. E. 173.

The appellants further complain that the appellee had no authority by agreement to take title to the real estate in return for a promise to pay specific sums yearly to the decedent during her lifetime. The amount named in the contract was fully paid to the decedent, and we are therefore confronted with a contract completely executed on both sides. Under such circumstances neither side can complain that the contract was beyond the power of the appellee to make. *Seamless, etc., Mfg. Co.* v. *Monroe* (1914), 57 Ind. App. 136, 143, 106 N. E. 538, 541.

The claimed errors, in striking affidavits from the motion for a new trial, in the misconduct of the judge and in refusing to approve special bill of exceptions No. 2, may be considered together, since the affidavits were the appellants' effort to present to the court the claimed misconduct of the trial judge. The special bill of exceptions No. 2 was a brief by appellants on that subject, together with remarks claimed to have been made by the special judge at the time the motion for a new trial was overruled.

It has been held that the motion for a new trial cannot perform the functions of a "bill of exceptions."

An affidavit such as we have here in support of a motion for a new trial must be brought in by way of a bill of exceptions. *Drake* v. *Drake, Admx.* (1917), 66 Ind. App. 85, 88, 117 N. E. 871, 872; *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033.

Here there was a bill of exceptions filed which contains the striken affidavits, and the striking, if error, was harmless. An examination of these affidavits discloses that the misconduct of the judge, about which complaint is made, took place immediately after the testimony of Chalmer C. Harold had been given. He was the first witness on the first day of a trial lasting five days. The action complained of was taken with the express consent of counsel for both sides. It consisted of conversations between the judge and the witness Harold, out of the presence of the attorneys. No complaint or criticism of the misconduct was made during the trial, and in fact none was contemplated. The appellants in their brief say that after the court made its finding and announced its conclusions, they began to examine the proceedings and from the finding against them, the ruling on the admission of evidence, and from the misconduct of the judge, they concluded that the court was not fair and impartial, although they state that he gave due attention to their evidence, their arguments and their citation of authorities. They rest their case upon four authorities, to-wit: *Danes* v. *Pearson* (1893), 6 Ind. App. 465, 33 N. E. 976; *Meier* v. *Claymeier* (1915), 183 Ind. 268, 108 N. E. 945; *Allen* v. *Allen* (1931), 132 Kan. 468, 295 P. 705, 73 A. L. R. 1006; *Rosenfield* v. *Vosper* (1941), 45 Cal. App. (2d) 365, 114 P. (2d) 29.

Neither the California case nor the Kansas case is controlling, and each of them can, on the facts, be readily distinguished.

The case of *Danes* v. *Pearson, supra,* is against the contention of the appellants and not out of line with the other Indiana decisions. The case of *Meier* v. *Claymeier, supra,* is likewise not in favor of the contentions of appellants.

Where a party, having knowledge of any erroneous or harmful action on the part of anyone connected with the court, takes no steps to correct it, but proceeds without objection and takes his chances on a favorable result, he then will be deemed to have waived the error and to be estopped from a later assertion of it. *Henning* v. *The State* (1886), 106 Ind. 386, 7 N. E. 4. Also see *Coleman* v. *The State* (1887), 111 Ind. 563, 13 N. E. 100; *Waterman* v. *The State* (1888), 116 Ind. 51, 18 N. E. 63; *State ex rel. Krodel* v. *Gilkinson, Judge* (1935), 209 Ind. 213, 198 N. E. 323; *Messenger* v. *State* (1899), 152 Ind. 227, 52 N. E. 147.

The misconduct complained of was waived if not actually invited. The special bill of exceptions No. 2 consisted of parts of the special bill of exceptions which was presented for correction and signing. The trial was before a special judge who died a few days after the overruling of the motion for a new trial. The bills were presented to the regular judge of the court. Upon presentation, the court heard evidence, and having deleted that part which was later offered as special bill of exceptions No. 2, the bill as corrected was approved. The evidence thus heard is not brought to us and no complaint is made of the action of the court in deleting these items. Having deleted these items, the court should not again be called upon to correct and sign the offered bill, composed of the items so deleted. The action of the court in re-

fusing to sign special bill of exceptions No. 2, under such circumstances, could not be reversible error.

A further question raised is that the decision is contrary to law because the court failed to find that appellee was the dominant party and under a duty to show good faith and fair dealing. This is based upon the theory that Chalmer C. Harold was the agent of appellee, and since he was from 1930 to 1935 pastor of the Methodist Church, which was attended by the decedent, he had a dominant position as to her.

The appellants have but slight, if any, evidence that the appellee occupied a position of trust and confidence toward Nora E. Johnson, deceased, by reason of her relationship with Chalmer C. Harold. The only evidence of his agency was that at one time, by request, he found a man to repair a roof on a building owned by appellee and at another time, by request, he delivered a Two Thousand Dollar ($2,000.00) after death bond to her and secured a signed receipt from her. Even if he were a special agent for each occasion there is no evidence of any authority given or used by Chalmer C. Harold, excepting as above stated, and from these two instances we are asked to declare as a matter of law that Harold was the agent of appellee for the purpose of inducing people to make gifts or transfers of property to appellee at the time of the execution of the deeds in controversy, one of which was signed and delivered in 1933 and the other in 1936. The record shows that decedent gave freely to her church and organizations connected therewith, that at the death of her husband she was left with considerable wealth, and evidently desired a good portion of that wealth to go to church organizations, rather than to her col-

lateral kindred with whom she seldom visited; that although afflicted with diabetes she made her own decisions without the benefit of advice from any source.

Every right of appellants claimed in this action originates in the will of the decedent. By the terms of that will, drawn long after the delivery of the second deed, the decedent confirmed both deeds, and so the lower court found. To find fraud or undue influence under such circumstances would require us to weigh the evidence. In the case of *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. (2d) 905, 907, this court said:

> "This court will not weigh the evidence unless it is all one way and but one conclusion could be reached from the facts proved, and that conclusion is adverse to the decision of the trial court."

The evidence does not bring this case within this rule.

Question is also made on the exclusion of evidence and on limiting parts thereof to the question of undue influence and unsoundness of mind. We have examined each claimed error and fail to find anything that would require a reversal. The evidence is ample to support the finding and judgment of the court.

No reversible error being shown, the judgment is affirmed.

Note.—Reported in 58 N. E. (2d) 441.