**Janet D. SMITH and Gary K. Smith, Appellants (Plaintiffs Below),**

v.

**CONVENIENCE STORE DISTRIBUTING COMPANY, Appellee (Defendant Below).**

**No. 49S02–9201–CV–2.**

Supreme Court of Indiana.

Jan. 3, 1992.

Peter A. Schroeder, Mary Jo Hunter Wedding, Norris, Choplin & Johnson, Indianapolis, for appellants.

Thomas W. Farlow, Peter H. Pogue, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

We accept transfer in this case to address the question of whether the trial court may respond to a juror's question during deliberations without first consulting with the parties. We conclude that, under the circumstances here, the trial court erred in responding.

Janet and Gary Smith (Plaintiffs–Appellants below) seek transfer after the Court of Appeals affirmed, in a memorandum decision, a judgment on a jury verdict adverse to the Smiths and in favor of Convenience Store Distributing Company (Defendant–Appellee below). *Smith v. Convenience Store Distributing Co.*, 567 N.E.2d 879 (Ind.App.1991).

### FACTS

Janet Smith sought recovery from Convenience Store for personal injuries she allegedly sustained on its premises. Gary Smith sought recovery for the loss of his wife's services. According to an affidavit filed by the trial judge, the contents of which the parties do not dispute, trial began April 11, 1989. Jury deliberations began on April 13, 1989, at 3:30 p.m. At 9:15

that evening, the jury informed the court that it was deadlocked. After a discussion with the court, counsel for both sides agreed to allow the judge to go to the jury room to determine (1) whether the jury wanted to retire for the evening and return the next morning to continue deliberations, and (2) the numerical split among the jurors, without reference to in whose favor the jury was split. The judge entered the jury room to discuss these issues. During the discussion, one of the jurors asked the judge what would happen if the jury remained deadlocked. The judge indicated that "the parties had attempted to mediate this case, but that their efforts had proved to be unsuccessful." The judge also indicated that "he did not believe the case would be settled, and if the jury was hung, the case would probably have to be retried." Approximately ten minutes after this exchange, the jury returned a verdict for Convenience Store. The record does not reveal whether the judge informed counsel before the verdict was returned of the contents of the discussion which took place in the jury room.

The trial court entered judgment on the defense verdict. The Smiths appealed, asserting that the judge's response to the juror's question entitled them to a new trial. The Court of Appeals affirmed the judgment on three grounds: (1) The Smiths waived or invited the error by agreeing to have the judge speak to the jury in the first place; (2) the Smiths demonstrated no prejudice from the judge's comments; and (3) the Smiths did not sustain their burden of proving that they made a timely objection to the judge's comments. Because the memorandum decision contravenes ruling precedent of this Court in *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, and *Conrad v. Tomlinson* (1972), 258 Ind. 115, 279 N.E.2d 546, we grant transfer.

### I. *Existence of Error*

■ The Smiths contend that error occurred when the trial judge, without first consulting with the parties, responded to the juror's question. We agree.

■ As a general rule, *ex parte* communications between a judge and the jury are prohibited. *Marsillett*, 495 N.E.2d at 709. The proper method of communicating with a jury during deliberations is set out in statute, *Ind.Code Ann.* § 34–1–21–6 (West 1983),[1] and is also discussed in case law. "Where jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties and give them an opportunity to be present in court before he communicates with the jury." *Averhart v. State* (1984), Ind., 470 N.E.2d 666, 690, *cert. den.* (1985) 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 323; *Marsillett* at 709.

■ Despite these general principles, counsel here agreed to permit the judge to speak with the jury on certain matters. We do not accept, as did the Court of Appeals, Convenience Store's view that Smith's counsel, by agreeing to have the judge obtain two pieces of information, waived any objection to or invited the judge to proceed to answer questions from the jury. The record here does not reveal, nor does Convenience Store assert, that the Smiths agreed to have the judge discuss issues of retrial, mediation or settlement. In fact, the record and the parties' argument establishes that the agreement here was limited to having the judge obtain two specific pieces of information. Under these circumstances, where the judge proceeded to answer the juror's question outside the presence of the parties (or their counsel) without consulting with them, they had no opportunity to consider or object to the judge's proposed response. Convenience Store's assertions to the contrary, we do not perceive that the agreement by the Smiths for the judge to obtain two pieces of information waived this issue. An agreement to obtain two pieces of information is not equivalent to an agreement for the judge to discuss other matters with the

---

1. *Ind.Code* § 34–1–21–6 reads: After the jury have retired for deliberation, ... if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

jury. Accordingly, we conclude the trial court erred in responding to the juror's question.

## II. *Reversible Error*

■ Having concluded that error occurred, we must now determine whether the Smiths are entitled to a new trial. In instances where the jury is subject to improper communications during deliberations, prejudice is presumed. *Marsillett,* 495 N.E.2d at 709. If, however, an explanation for the communication is given, and we are satisfied that no harm resulted, then the judgment will be allowed to stand. *Conrad,* 258 Ind. at 123, 279 N.E.2d at 551. Thus, the presumption of harm is rebuttable. In deciding whether the presumption of harm has been rebutted, we evaluate the nature of the communication to the jury and the effect it might have had upon a fair determination. *Marsillett,* 495 N.E.2d at 709.

■ In applying these principles to this case, we note first that the process of jury deliberations is a sensitive point in the trial. Deliberation is the process by which the jury resolves the dispute before it on the basis of the evidence and instructions given in open court. Deliberations are to be free of extraneous influence so this purpose can be fulfilled. When this process is interrupted by an *ex parte* communication, the presumption is that the jury is influenced. Convenience Store argues, and the Court of Appeals agreed, that the judge's comments relating to mediation and retrial were merely a statement of the obvious. Given that the question was posed by the juror in the first place, we do not accept that the effect of a failure to render a verdict was so apparent to the jury. Additionally, the information provided by the judge was not necessarily accurate because the parties may well have negotiated a settlement rather than incur the costs associated with a second trial. Finally, it is reasonably possible that advice from the judge that another jury will have to hear the same evidence in a new trial may have induced the jury members to prove themselves capable of resolving the controversy rather than forfeiting the opportunity to another group.

■ The presumption of error is further supported by the short time interval between the judge's comments and the verdict. The jury had been deliberating for almost six hours and had described itself as deadlocked. Ten minutes after the judge's comments, a verdict was reached. This sudden turn of events suggests that the judge's comments may have had an influence on the verdict. *See Rogers v. United States* (1975), 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (a five minute time period between improper comments and verdict is significant enough to require retrial). Convenience Store posits that the ten-minute interval is just as likely to mean that only one juror was unsure of her decision. Even if this were true, it would not erase the harm. Our inquiry is not whether all jurors were affected, but whether any were. We conclude that the presumption of harm has not been rebutted.

■ We do not mean to suggest that the judge intended to convey anything but an impartial attitude toward the merits of the lawsuit in the comments he made to the jury. Nonetheless, this case aptly illustrates the perils inherent in any *ex parte* contact with the jury during deliberations, even those which occur with the agreement of the parties. We believe that in all circumstances the preferred method for communicating with the jury is on the record in open court.

## III. *Waiver of Objection*

The issue has also been raised as to whether the Smiths lodged a timely objection to the judge's comments. Convenience Store urged, and the Court of Appeals agreed, that because the record is silent as to when the Smiths became aware of the content of the judge's discussion with the jury, it is impossible to discern whether they had an opportunity to object before the verdict was returned. Therefore, Convenience Store reasons, the Smiths' allegations of error must fail for lack of proof. Convenience Store argues that the Smiths bear the burden of demonstrating that they

had no knowledge of the error before the jury returned a verdict and that they have failed to do so. In support, Convenience Store cites *Umbstead v. Preachers Aid Society* (1944), 223 Ind. 96, 58 N.E.2d 441. We do not find *Umbstead* applicable. The pertinent part of the decision stands for the proposition that

> where a party, having knowledge of any erroneous or harmful action on the part of anyone connected with the court, takes no steps to correct it, but proceeds without objection and takes his chances on a favorable result, he then will be deemed to have waived the error and to be estopped from a later assertion of it.

223 Ind. at 103, 58 N.E.2d at 446. This continues to be a correct statement of the law, but one which does not apply here. In *Umbstead,* the judge spoke privately with a witness. Both sides had agreed to the private consultation apparently without any restrictions on the content of the conversation. Defendants later alleged that the private conversation was evidence of the judge's lack of impartiality. Here, as has been discussed, the agreement for the judge to address the jury *ex parte* was limited to obtaining two pieces of information. The Smiths did not give the court *carte blanche* to enlarge upon the agreed topics of discussion.

 Convenience Store also asserts, and the Court of Appeals agreed, that it is the Smiths' burden to demonstrate that they had no knowledge of the alleged misconduct before the jury returned a verdict or, if they had such knowledge, to demonstrate a sufficient excuse for the failure to interpose an appropriate objection. In support, they cite *New v. Jackson* (1911), 50 Ind.App., 120, 95 N.E. 328. In *New,* the issue was whether counsel was present when the judge, in open court, read certain instructions during deliberations. The record was silent as to whether counsel was present. The Court of Appeals held that regularity of court proceedings is presumed and, therefore, it presumed that both parties were present, in person or by counsel, when the instructions were given. Here the record reveals that counsel was not present when the judge addressed the jury in the jury room. While *New* may suggest, as the Court of Appeals interpreted, that the burden is on the Smiths to show that they did not have knowledge of the additional *ex parte* communication prior to the jury's verdict, we do not agree that the Smiths have failed to so demonstrate. Neither the judge's affidavit nor the transcript of the proceedings show that the judge made the parties aware of this additional communication before the verdict was returned. Additionally, we find nothing in the record before us to suggest that any pertinent information is missing and there are no allegations by Convenience Store that, in fact, the Smiths were aware of the judge's comments before the verdict was returned. If the record does not show that the judge informed the parties of his communication before the verdict was returned, it is incumbent upon Convenience Store to supplement the record if, in fact, such event occurred. Where, as here, the record is silent, we will not assume the event. The party claiming the error has the burden to establish a complete and accurate record. Without some contention from the appellee to the contrary, we can assume that the total record is present. *Capitol Bldrs., Inc. v. Shipley* (1983), Ind., 455 N.E.2d 1135, 1138. An appellant may premise an argument upon a fact, the existence of which is not challenged, despite the silence of the record as to that fact. *See Taylor v. State* (1982), Ind., 438 N.E.2d 275, *cert. den.* (1983) 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998. That is the case here. Convenience Store does not dispute that the Smiths were unaware of the extended communication until after the verdict. In fact, the parties did not treat the timing of the objection as an issue until after the Court of Appeals had issued its decision. Under these circumstances, we conclude there has been no waiver for the failure to make a timely objection.

## IV. *Allen Charge*

Having already found that prejudicial error occurred, we need not decide the final issue raised by the Smiths as to whether

the judge's comments were improper because they amounted to an *Allen* charge.

## CONCLUSION

Accordingly, for the reasons set out above, we hereby grant transfer, vacate the opinion of the Court of Appeals, and reverse the trial court. The Smiths are entitled to a new trial.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., and GIVAN, J., dissent.