**Yvonne ROGERS, Individually And as Executrix of the Estate Of Richard Rogers, Deceased, Appellant (Plaintiff below),**

v.

**R.J. REYNOLDS TOBACCO CO., Phillip Morris Incorporated, The American Tobacco Co., Inc., and Liggett Group, Inc., Appellees (Defendants below).**

No. 49S02–0102–CV–95.

Supreme Court of Indiana.

April 18, 2001.

---

4. New Ind.Appellate Rule 58(A)(2).

C. Warren Holland, Michael W. Holland, Holland & Holland, Morris L. Klapper, Klapper, Isaac & Parish, Indianapolis, IN, Attorneys for Appellant.

Richard D. Wagner, Thomas J. Costakis, Jeffrey C. McDermott, Krieg, DeVault, Alexander, & Capehart, LLP, David O. Tittle, Karl L. Mulvaney, Nana Quay–Smith, Bingham, Summers, Welsh, & Spilman, Indianapolis, IN, Scott Shockley, DeFur, Voran, Hanley, Radcliff & Reed, Muncie, IN, William T. Plesec, Paul D. Koethe, Kevin D. Boyce, Jones, Day, Reavis & Pogue, Cleveland, OH, James E. Berger, Shook, Hardy & Bacon, LLP, Kansas City, MO, Attorneys for Appellees.

On Petition To Transfer

DICKSON, Justice

Yvonne and Richard Rogers sued the defendant tobacco companies for damages related to Richard's cancer.[1] After several years of litigation the first trial ended in a mistrial. A second trial resulted in a jury verdict in favor of the tobacco companies and Rogers appealed. The Court of Appeals reversed and remanded the case for a new trial due to the trial court responding to a jury inquiry without first informing counsel. *Rogers v. R.J. Reynolds Tobacco Co.,* 731 N.E.2d 36 (Ind.Ct.App. 2000), *reh'g denied.* We granted transfer, and the plaintiff's appeal is thus before this Court as if filed here originally. Ind.Appellate Rule 11(B)(3).[2]

In her appeal from the trial court judgment, Rogers contends that the trial court committed reversible error by responding to a question from the deliberating jury without first informing counsel for the parties. Rogers contends that the jury was thus improperly influenced and that a new trial is required.

■ Control and management of the jury is an area generally committed to the trial court's discretion. *Norton v. State,* 273 Ind. 635, 661, 408 N.E.2d 514, 531 (1980), *Morris v. State,* 266 Ind. 473, 484, 364 N.E.2d 132, 139 (1977). In regard to judicial communications to a deliberating jury, we have repeatedly noted that when the jury makes a request of the court:

> [T]he proper procedure is for the judge to notify the parties so they may be present in court and informed of the court's proposed response to the jury before the judge ever communicates with the jury. *Grey v. State,* 553 N.E.2d 1196, 1197 (Ind.1990); *Morgan v. State,*

544 N.E.2d 143, 149 (Ind.1989); *Moffatt v. State,* 542 N.E.2d 971, 975 (Ind.1989); *Van Martin v. State,* 535 N.E.2d 493, 497 (Ind.1989). When this procedure is not followed, it is an ex parte communication.... However, although an ex parte communication creates a presumption of error, such presumption is rebuttable and does not constitute per se grounds for reversal. *Grey,* 553 N.E.2d at 1198.

*Bouye v. State,* 699 N.E.2d 620, 628 (Ind. 1998). In deciding whether the presumption of harm has been rebutted, we evaluate the nature of the communication to the jury and the effect it might have had upon a fair determination. *Smith v. Convenience Store Distrib. Co.,* 583 N.E.2d 735, 738 (Ind.1992).

■ In this case, the jury asked the bailiff whether the judge would allow the jury to hold a press conference after the case was over. The bailiff relayed this question to the judge. The communication from the judge, by way of the bailiff, consisted of an unadorned one-word response: "yes." The answer to the jury's question did not provide any further information regarding the law or facts of the case.

The effect of the communication may be gauged by the reaction of the jury. A short time interval between the judge's comments and the verdict tends to support the presumption of error. *See Smith,* 583 N.E.2d at 738. In *Smith,* the jury had been deliberating for almost six hours and had described itself as deadlocked. After the ex parte communication occurred, only ten minutes passed before the verdict was reached. We found that this sudden turn of events suggested "the judge's comments may have had an influence on the verdict."

---

1. Richard died during the course of this case, but Yvonne continued to pursue her claims and those of Richard's estate.

2. New Ind.Appellate Rule 58(A).

*Id.* (citing *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (a five minute time period between improper comments and verdict is significant enough to require retrial)).

In the present case, the jury was in its second day of deliberations when it communicated with the judge. After the judge's response, the jury deliberated for seven more hours before reaching a verdict, hardly a sudden turn of events. *See Nesvig v. Town of Porter*, 668 N.E.2d 1276, 1288 (Ind.Ct.App.1996)(finding one hour deliberation after improper communication was not a sudden turn of events).

Although it would have been better practice for the judge to have notified the parties before sending his response to the jury, we find that any presumption of error is rebutted by the circumstances. The jury's inquiry involved a matter of trial administration rather than substantive issues pending for its determination. The judge's response was neutral, accurate, and not misleading. Moreover, the ensuing length of deliberations provides a strong indication that the response did not substantially influence the verdict, if at all.

We find no reversible error on this issue. As to all other issues, the Court of Appeals is summarily affirmed. Ind.Appellate Rule 11(B)(3).[3] The judgment of the trial court is affirmed.

SHEPARD, C.J., and RUCKER, J., concur.

SULLIVAN, J., dissenting, would deny transfer.

BOEHM, J., not participating.

---

**3.** New Ind.Appellate Rule 58(A)(2).