## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2017, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Shana D. Levinson
Levinson & Levinson
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Ryan H. Cassman
Cathy M. Brownson
Coots, Henke & Wheeler, PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Adoption of B.A.J. (child);

K.L. (father),

*Respondent / Appellant,*

v.

Z.H.

*Petitioner / Appellee*

June 23, 2017

Court of Appeals Case No.
29A05-1701-AD-110

Appeal from the Hamilton Superior Court

The Honorable Steven R. Nation, Judge

Trial Court Cause No.
29D01-1508-AD-1097

**May, Judge.**

[1]     K.L. (Father) appeals the trial court's order his consent was not required for the adoption of B.A.J. (Child) by Z.H. (Stepfather).  We affirm.

# Facts and Procedural History

[2] Child was born to B.H. (Mother) out of wedlock on July 14, 2011. On Child's birth certificate a man with the initials B.J. is listed as Child's father. However, around May 2012, Mother told Father he was the biological father of Child. Mother, Father, and Child lived together until June 2013, when Father moved out. After June 2013, Mother allowed Father to visit with Child, and Father provided an ambiguous amount of financial support for Child until sometime in early 2014.

[3] From January 6, 2014, through April 22, 2014, Father attended a court-ordered drug and alcohol rehabilitation program in Illinois as a result of a probation violation for an earlier conviction of operating a vehicle while intoxicated. When Father completed the program, he contacted Mother, who allowed him to visit with Child under her supervision until June 2014. After that time, Child visited with Father overnight on several occasions until August 2014.

[4] In August 2014, Mother told Father he could no longer see Child. Mother allowed Father's parents to visit with Child, but discontinued those visits in March 2015, when she discovered Father's parents were allowing Father to see Child. Mother did not notify Father of her new address when she and Stepfather moved to Hamilton County.[1]

---

[1] Mother and Stepfather married in November 2014.

[5] On July 27, 2015, Father filed a Petition to Establish Paternity in Lake County. On August 12, 2015, Stepfather filed a Petition to Adopt Child in Hamilton County. On September 21, 2015, the Lake County court granted Mother's motion for change of venue, and the Hamilton County court took jurisdiction over both the Paternity and Adoption actions. Father timely filed a motion to intervene and contest Child's adoption.

[6] On August 24, 2016, the trial court held a hearing on Father's motion to contest Child's adoption by Stepfather. During that hearing, the court heard evidence Father relapsed in July 2016 by using cocaine and alcohol. After the relapse, he voluntarily checked himself into an inpatient rehabilitation program, which he completed just prior to the August 24 hearing. At the time of the hearing, Father was living in an independent living area at the rehabilitation center.

[7] On December 16, 2016, the trial court entered an order concluding Father's consent was not required for Child's adoption by Stepfather. On December 22, 2016, the trial court entered an order granting Stepfather's petition to adopt Child.

# Discussion and Decision

### Appellate Court Jurisdiction

[8] As an initial matter, Stepfather argues our court does not have jurisdiction over Father's appeal because Father does not appeal a final appealable order. Our court has jurisdiction in all appeals taken from final judgments. Ind. App. Rule

5(A).  The order Father appeals, the denial of his motion to contest Child's adoption, did not dispose of all claims as to all parties in the case as required by Indiana Appellate Rule 2(H)(1).  Nor has he requested we assume jurisdiction over the matter as an interlocutory appeal under Indiana Appellate Rule 14.  However, our Indiana Supreme Court has held these procedural missteps are not fatal to an appeal:

> Although it is never error for an appellate court to dismiss an untimely appeal, the court has jurisdiction to disregard the forfeiture and resolve the merits.  *Adoption of O.R.*, 16 N.E.3d [965,] 971-72 [(Ind. 2014)].

> Indiana's rules and precedent give reviewing courts authority "to deviate from the exact strictures" of the appellate rules when justice requires.  *In re Howell*, 9 N.E.3d 145, 145 (Ind. 2014).  "Although our procedural rules are extremely important . . . they are merely a means for achieving the ultimate end of orderly and speedy justice."  *American States Ins. Co. v. State ex rel. Jennings*, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972).  *See also* App. R. 1 ("The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules.").  This discretionary authority over the appellate rules allows us to achieve our preference for "decid[ing] cases on their merits rather than dismissing them on procedural grounds."  *Adoption of O.R.*, 16 N.E.3d at 972 (citation omitted).  *See also In re Adoption of T.L.*, 4 N.E.3d 658, 661 n.2 (Ind. 2014) (considering merits after denying appellees' motion to dismiss based on procedural defect); *Pabey v. Pastrick*, 816 N.E.2d 1138, 1142 (Ind. 2004) (stating that "dismissal with prejudice was not the appropriate remedy for . . . noncompliance with" Appellate Rule 9.). [sic]

> These principles have been borne out in Court of Appeals precedent that departed from the strictures of the appellate rules

to consider the merits of procedurally similar CHINS cases - also concerning premature notices of appeal. *See In re J.V.*, 875 N.E.2d 395, 398 (Ind. Ct. App. 2007) (electing to decide merits of CHINS appeal, despite premature notice of appeal, because trial court held dispositional hearing and issued dispositional decree before Court of Appeals obtained jurisdiction), *trans. denied. See also In re T.Y.T.*, 714 N.E.2d 752, 756 n.3 (Ind. Ct. App. 1999); *In re M.K.*, 964 N.E.2d 240, 244 (Ind. Ct. App. 2012).

We recently deviated from the appellate rules in *Adoption of O.R.* due in part to the weighty parental interest involved. Indeed, it is well established that "the Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children." 16 N.E.3d at 972 (citing *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35, 45 S.Ct. 571, 69 L.Ed. 1070 (1925)).

Given the purpose of our appellate rules, our preference for deciding cases on their merits, our Court of Appeals precedent, and the important parental interest at stake, we choose to disregard Parents' forfeiture and reach the merits. *See Adoption of O.R.*, 16 N.E.3d at 971-72.

*In re D.J. v. Indiana Dept. of Child Services*, 68 N.E.3d 574, 579-80 (Ind. 2017). Based on that reasoning, including the importance of deciding cases wherein a child's stability and important parental interests are at stake, we elect to

disregard Father's noncompliance with the appellate rules, exercise jurisdiction over his appeal, and decide the issues on their merits.[2]

### Trial Court's Findings and Conclusions Regarding Father's Consent[3]

[9] We will not disturb a decision in an adoption proceeding unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion. *In re Adoption of M.A.S.*, 815 N.E.2d 216, 218 (Ind. Ct. App. 2004). We will not reweigh the evidence or judge the credibility of witnesses. *Id.* Instead we examine the evidence most favorable to the decision together with reasonable inferences drawn therefrom to determine whether there is sufficient evidence to sustain the decision. *Id.* The decision of the trial court is presumed correct, and it is the appellant's burden to overcome that presumption. *Id.*

[10] Generally, courts may not grant a petition for adoption without the consent of the child's biological parents. Ind. Code § 31-19-9-1(a). There are, however, exceptions to that general rule. The exception at issue herein provides:

---

[2] Additionally, we note the trial court stated in its order denying Father's motion to contest, "A separate decree of adoption shall be entered." (Appellant's App. Vol. II at 19.) The Chronological Case Summary indicates the trial court entered a decree of adoption on December 22, 2016.

[3] In addition to the sufficiency of the evidence to support the trial court's decision, Father argues as an initial matter that the trial court erred when it did not decide his petition to establish paternity prior to determining whether his consent was required for Stepfather's adoption of Child. If the trial court did so in error, that error was harmless. Father was treated as Child's father throughout the proceedings, the trial court held a hearing regarding whether Father's consent was required, and the trial court adjudicated the issue as if Father's paternity had already been established. Thus, Father cannot demonstrate he was prejudiced by the trial court's failure to enter an order establishing his paternity or that it impacted the trial court's final decision. *See Rogers v. R.J. Reynolds Tobacco Co.*, 745 N.E.2d 793, 796 (Ind. 2001) (trial court's procedural error was harmless when it did not ultimately affect the outcome of the case).

(a) Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:

\* \* \* \* \*

(11) A parent if:

> (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

> (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

Ind. Code § 31-19-9-8(a)(11) (2016).[4]

Regarding Father's fitness to be a parent and the best interests of Child, the trial court found and concluded:

> 47.    [Stepfather] proved by clear and convincing evidence that [Father] is unfit to be a parent and the best interest of the child sought to be adopted would be served if the court dispensed with [Father's] consent.

> 48.    [Father] has a long history of substance abuse, and has lost his driver's license as a result.  Multiple attempts of [sic] treatment have not cause [sic] [Father] to remain sober.  It is

---

[4] Father also argues Stepfather did not prove he failed to communicate or provide financial support for Child for at least one year, as listed as an exception to Father's consent in Indiana Code § 31-19-9-8(a)(2) (2016). However, the statute is written in the disjunctive, and thus "either provides independent grounds for dispensing with parental consent." *In re Adoption of T.W.*, 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006).

illustrative that even as this matter pended [Father] used alcohol and cocaine.

49.    [Father] has a criminal history of at least three (3) OWI's and a violation of probation.

50.    [Father] reported to his substance abuse treatment provider that he was unemployed and homeless.  [Father] does not have a driver's license due to his criminal history.  He has attempted suicide and had an abusive childhood.

51.    [Father] has a long-standing substance abuse problem involving alcohol, and cocaine.  [Father] was unable to refrain from using alcohol and cocaine even with an adoption pending wherein it was alleged he was unfit due to his substance abuse history.  Essentially, on the eve of trial where he could lose any parental rights due, in part[,] to his history of abusing substances, he abused substances.  Likewise, on the eve of a trial on the issue whether he had the wherewithal to provide financially for [Child,] he purchased drugs and alcohol for himself.  Tragically, [Father] relapsed about one (1) month prior to the final hearing. Considering all of the foregoing, the Court concludes [Father] is unfit.

52.    Evidence is clear and convincing that the child's best interest would be best served by dispensing with the necessity of [Father's] consent.

53.    Due to [Father's] demonstrated parental unfitness, dispensing with [Father's] consent would serve the child's best interests.  Mother and Step-Father have provided for the child's needs and he has thrived in their care.

(Appellant's App. Vol. II at 18-19.)

[12] Father does not specifically challenge any of the trial court's findings, and his alternate versions of facts and explanations are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See In re Adoption of M.A.S.*, 815 N.E.2d at 218 (appellate court will not reweigh evidence or judge the credibility of witnesses).

[13] Sufficient evidence supported the trial court's findings of fact and conclusions of law. Father testified regarding his substance abuse, and the trial court received evidence of his housing situation. The trial court also received evidence regarding Child's condition in Mother and Stepfather's care. We conclude clear and convincing evidence supported the trial court's decision to deny Father's motion to contest Child's adoption by Stepfather based on Father's unfitness as a parent and Child's best interests. *See In re Adoption of M.L.*, 973 N.E.2d 1216, 1223 (Ind. Ct. App. 2012) (concluding father unfit as parent due to continued substance abuse and instability; and concluding adoption was in child's best interests because she was thriving in adoptive parents' care).

# Conclusion

[14] We exercise jurisdiction over this matter and conclude the trial court's conclusions of law and findings of fact were supported by the evidence. Accordingly, we affirm.

[15] Affirmed.

Brown, J., and Pyle, J., concur.